THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT RAMSEY, Defendant-Appellant.

(No. 56569;

First District (3rd Division)—April 12, 1973.

Gerald W. Getty, Public Defender, of Chicago, (Thaddeus L. Kowalski and Robert M. Gray, Assistant Public Defenders, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane and Robert Samko, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant was charged by complaint with attempt deceptive practice. (Ill. Rev. Stat. 1969, ch. 38, par. 8—4.) The trial was conducted by the court sitting without a jury. The defendant was found guilty of the crime and sentenced to serve one year in the House of Correction. On appeal, defendant makes several contentions: first, the State did not prove that defendant attempted to use the credit card of another without the other's consent as required by the statute; second, the State did not, in any case, prove defendant guilty beyond a reasonable doubt; third the State erred in introducing evidence of another arrest involving defendant but unrelated to the instant case; and, finally, the record does not show that defendant knowingly and understandingly waived his right to a jury trial.

At the time that the case against defendant proceeded to trial, the court inquired of defendant whether the plea was guilty or not guilty. Defendant responded that the plea was not guilty, and the court further inquired whether the trial would be by the court or by a jury. Defendant responded that the trial would be by the court and the State called the first witness.

Alex Johnston testified that he was the owner of a Standard Oil Company credit card of a specified number which card he had last seen several weeks before defendant's arrest. The witness stated on direct examination that the card which he identified by number was the same card involved in the trial and that he had given no one permission to use the card.

The State called Glenn Eanes, the operator of a Standard Oil service station, as the next witness. Mr. Eanes stated that defendant and another man entered the station and inquired of the witness about the purchase of a set of automobile tires for their aunt. On cross-examination, the witness testified that the other man handed the credit card to the witness,

but that he saw defendant hand the card to the other man as they approached. The witness also stated that he could not remember which of the two individuals signed the slip. At the time of the incident the witness confiscated the card when he learned that the card had been stolen. Although the witness was shown the card during his testimony, the card was not introduced into evidence by the State.

The arresting officer testified as to the circumstances surrounding the arrest of defendant. He stated that defendant identified himself as Alex Johnston at the time he was stopped for a traffic violation and a search yielded a driver's license and other identification with the name of Alex Johnston. The defendant was placed under arrest as the officer knew that defendant's name was not Alex Johnston. This officer also referred to another criminal action involving defendant during the course of his testimony.

The defendant testified that he entered the service station on the date and time in question. However, he stated that he entered the station with another man whose name he did not know at the time and who he later learned was named Raymond Valdez. Defendant stated that Valdez inquired about the tires, presented the credit card and signed the credit slip. On cross-examination, defendant admitted that he had a license belonging to Alex Johnston on his person at the time of his arrest.

Defendant's primary contention before this court concerns the sufficiency of the evidence presented by the State. Defendant claims that the State did not prove that he committed the offense of attempt deceptive practice. In order to support this contention, defendant cites this court to the record which indicates: that Glenn Eanes, the service station attendant, did not identify the credit card which he confiscated by a number which could be related to the number of the card which Alex Johnston identified as his property; that the credit card was not introduced into evidence; that the State failed to establish that defendant presented the card to Mr. Eanes in an attempt to purchase the tires; and, that the State failed to establish that defendant was the person who signed the sales slip. These omissions, defendant contends, require this court to reverse the trial court's finding that defendant was guilty of attempt deceptive practice.

■■ The substantive statute under which defendant was convicted provides that:

> "A person commits a deceptive practice when, with intent to defraud:
>
> *   *   *
>
> (e) He obtains, or attempts to obtain property, labor or services by any of the following means:

1. he uses a credit card which was issued to another, without the other's consent."

Ill. Rev. Stat. 1969, ch. 38, par. 17—1(e) (1).

In the instant case, defendant was convicted of the inchoate offense of "attempt" which is statutorily defined as follows:

"A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense." Ill. Rev. Stat. 1969, ch. 38, par. 8—4(a).

The State therefore had the burden to prove that defendant did an act which constituted a substantial step toward fraudulently obtaining property by means of a credit card which was issued to another, without the other's consent. We agree with defendant that the State failed to meet this burden.

■■ The totality of the State's evidence shows only that Alex Johnston was the owner of a gasoline credit card of a specified number and that a gasoline station attendant confiscated a credit card bearing the name Alex Johnston when the card was presented to him as payment for a set of tires. Although the evidence shows, as defendant freely admitted, that defendant was present in the service station at the time the credit card was presented, there is no proof that it was defendant who attempted to purchase the tires with the stolen credit card. In fact, Mr. Eanes testified that it was not defendant who handed him the credit card and that he could not remember whether or not it was the defendant who signed the sales slip. More importantly, Mr. Eanes did not testify that the card he confiscated bore the same number as the card identified by Alex Johnston as his property. And, the State did not introduce the card into evidence.

The State claims that the failure to introduce the card into evidence was not fatal and cites *People v. Halley*, 131 Ill.App.2d 1070, 268 N.E.2d 449, to support its position. The court in *Halley* was faced with a conviction for carrying a concealed weapon where the weapons were not introduced into evidence. Although the court noted that it could not find a conviction for unlawful use of weapons where the weapons were not introduced into evidence, the court determined that it was not necessary for the State to introduce the weapons into evidence. We do not find the circumstances of the *Halley* case to be analogous to the circumstances of the instant case. In *Halley* the court noted that the weapons involved in the conviction were not in the possession of the State. Since the defendants there were not arrested at the time the offense was committed, the weapons were still in the possession of the defendants. In the instant case, the credit card was in the State's possession during the entire

course of the trial and could have been introduced. Although we do not find that the failure of the State to introduce the credit card into evidence would be fatal in all circumstances, we find that this omission, in addition to the other failures in the State's proof, requires reversal of the judgment of conviction.

Because of the view we take with respect to defendant's first contention, we find it unnecessary to discuss his other points.

For the reasons stated, the judgment of the circuit court is reversed.

Judgment reversed.

DEMPSEY, P. J., and McGLOON, J., concur.